UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLE DUBIOS,

    Plaintiff,

v.

Case No. 11-13367
Hon. Lawrence P. Zatkoff

PATRICK DONAHOE, as Postmaster
General of the United States Postal Service,

    Defendant.
                                                     /

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on February 21, 2012

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant's motion to set aside the Clerk's entry of default and dismiss the Complaint for lack of jurisdiction [dkt 9]. Plaintiff has not yet filed a response brief and the time do so has elapsed. E.D. Mich. L.R. 7.1(e)(1). Plaintiff, however, has sent the Court two letters with attached documents [dkts 10 & 11]. While neither letter is identified as a response brief, the Court will liberally construe the letters as one because both letters express Plaintiff's disagreement with Defendant's motion. As such, the Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the pleadings submitted. For the following reasons, Defendant's motion [dkt 9] is GRANTED, and Plaintiff's case is DISMISSED for lack of

jurisdiction.

## II. BACKGROUND

Plaintiff filed a *pro se* Complaint on August 2, 2011. Based on the allegations in her Complaint and attached pleadings, Plaintiff delivered mail as an employee for the United States Postal Service ("USPS") in the City of Detroit. At 11:30 a.m., on December 31, 2009, Plaintiff was held at gun point while delivering mail. The assailants stole a carrier bag containing mail from Plaintiff. Thereafter, Plaintiff asserts that she was "forced" to retire from USPS at the age of 31. As a result of the robbery, Plaintiff contends that she has post traumatic stress disorder ("PTSD").

She applied for benefits under the Federal Employees' Compensation Act ("FECA"). On March 1, 2010, a claims examiner with the USPS Injury Compensation Office denied Plaintiff's claim for benefits under FECA. The denial was based on Plaintiff's failure to demonstrate that the PTSD related to Plaintiff being robbed at work. Plaintiff then requested a hearing on the denial. On June 2, 2010, a hearing was held before a representative of the Office of Worker's Compensation Program ("OWCP") under the United States Department of Labor ("Department of Labor"). The hearing representative heard the testimony of Plaintiff and reviewed the medical documentation submitted. On July 20, 2010, the representative affirmed the claims examiner's denial in a written decision. The representative held that the medical documentation only established that Plaintiff's PTSD occurred after the robbery, but did not establish that the onset of PTSD was *caused* by the robbery.

Following the denial of FECA benefits, Plaintiff filed her *pro se* Complaint, an application to proceed *in forma pauperis*, and an application for appointment of counsel. Plaintiff appears to assert a claim for employment discrimination under Title VII of the Civil Rights Act, as amended,

42 U.S.C. § 20003–5(g), based upon her PTSD. On August 5, 2011, the case was reassigned to the undersigned. On August 24, 2011, the Court granted Plaintiff's application to proceed *in forma pauperis* but denied her application for appointment of counsel. On January 6, 2012, Plaintiff filed a request for Clerk's entry of default against Defendant for failing to plead or otherwise defend against Plaintiff's claims. The Clerk of the Court entered the default the same day. On January 10, 2010, Defendant filed his first responsive pleading in this case—the instant motion to set aside the Clerk's entry of default and to dismiss the Complaint for lack of subject matter jurisdiction. On January 12, 2012, Plaintiff sent the Court a letter which has been filed on the docket as entry 10. On February 17, 2012, Plaintiff sent the Court a second letter which has been filed on the docket as entry 11. The Court has construed Plaintiff's letters as a response brief and will consider them when deciding Defendant's motion. A such, the Court will address whether the Clerk's entry of default should be set aside and Plaintiff's case should be dismissed for lack of jurisdiction.

### III. ANALYSIS

**A.    SET ASIDE DEFAULT**

Defendant has requested that the Court set aside the January 6, 2012, Clerk's Entry of Default against Defendant [dkt 9]. While Plaintiff has not filed a specific response to Defendant's motion and the time to do so has elapsed, the Court has considered Plaintiff's January 12 and February 17, 2012, letters, in addressing Defendant's motion.

Fed. R. Civ. P. 55(c) permits the Court to "set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." The Court considers the following three factors when deciding such a motion: (1) Whether culpable conduct of the defendant led to the default; (2) Whether the plaintiff will be prejudiced; and (3) Whether the defendant has a meritorious

3

defense. *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983)). These factors control regardless of whether the defendant is seeking to set aside an entry of default under Rule 55(c) or a default judgment under Rule 60(b), but the standard is applied more leniently in the Rule 55(c) context. *See Krowtoh II LLC v. ExCelsius Int'l Ltd.*, 330 Fed. Appx. 530, 535 (6th Cir. 2009); *Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002).

Because the default in this case was the result of an entry of default by the Clerk and an order of judgment has not yet been entered, the Court will consider the parties' arguments under the more lenient Rule 55(c) good-cause standard.

**1.     Culpable Conduct**

The Court first must determine whether culpable conduct on the part of Defendant led to the default. *See Citizens Bank v. Parnes*, No. 09-1306, 2010 WL 1753296, at *1 (6th Cir. May 4, 2010) ("The culpable conduct prong should be examined first[.]"). "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*,796 F.2d 190, 194 (6th Cir. 1986).

Here, this factor weighs in favor of setting aside the default. Counsel for Defendant concedes that she failed to file a responsive pleading within the time established by the rules of civil procedure. Notwithstanding Counsel's failure, there is no evidence of culpable conduct on the part of Defendant to thwart this judicial proceeding or reckless disregard for the failure in timely filing a responsive pleading. As evidenced by the filing date of the instant motion, as soon as Counsel was aware of the error, she filed this motion, readily admitting that she failed to file a responsive pleading. According to Counsel, she missed the filing time line due to personal circumstances

involving Counsel's mother, husband, and sister.

Based on the foregoing circumstances, the Court finds that Defendant's actions were not the product of reckless disregard or culpable conduct. The Court further notes that while it appreciates Counsel's candidness, permitting Counsel's personal circumstances to prejudice her client displays utter disregard for her client and an attorney's professional responsibilities.

**2.     Prejudice to Plaintiff**

The next consideration is whether Plaintiff would be prejudiced if the Court were to set aside the default. This Circuit has held that delay alone will not sufficiently prejudice the plaintiff such that a motion to set aside must be denied. "Rather, the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 433–34 (6th Cir. 1996).

The Court finds that Counsel for Defendant's inaction has not clearly and materially prejudiced Plaintiff's efforts to proceed with this lawsuit. While Counsel has surely delayed Plaintiff's case from proceeding for over three months, delay alone is not sufficient to cause substantial prejudice to Plaintiff. In considering the pleadings before the Court, this delay alone does not appear to have resulted in some other tangible harm to Plaintiff. Thus, this factor weighs in favor of setting aside the default.

**3.     Meritorious Defense**

The final prong addresses whether Defendant has a meritorious defense to the lawsuit. "In determining whether a defaulted defendant has a meritorious defense 'likelihood of success is not the measure.'" *United Coin Meter*, 705 F.2d at 845 (quoting *Keegal v. Key West & Caribbean Trading Co., Inc.*, 627 F.2d 372, 374 (D.C. Cir. 1980)). "Rather, if any defense relied upon states

a defense good at law, then a meritorious defense has been advanced." *Id.*

Here, the Court finds that Defendant has proffered a meritorious defenses that justifies setting aside the default. As a defense, Defendant asserts that this Court lacks subject matter jurisdiction to review the denial of Plaintiff's FECA claim. Because a federal district court is a court of limited jurisdiction, whether the Court has jurisdiction over this case is of paramount concern. In reviewing Defendant's motion, and as thoroughly discussed in the next section, the defense relied upon by Defendant is a good defense at law.

**4. Conclusion**

Based on the above analysis, the Court concludes that all three factors weigh in favor of setting aside the default against Defendant. Defendant has therefore established good cause to set aside the default under Fed. R. Civ. P. 55(c). Defendant's motion is granted to the extent that Defendant requests to set aside the default.

**B. DISMISS PLAINTIFF'S CASE FOR LACK OF JURISDICTION**

Having set aside the default, the Court now turns to the defense raised by Defendant and his request to dismiss Plaintiff's case pursuant to Fed. R. Civ. P. 12(b)(1). Defendant asserts that the Court lacks jurisdiction to review Plaintiff's case regarding her denial of FECA benefits because FECA provides the exclusive remedy for Plaintiff's alleged on-the-job injuries.

FECA establishes a workers' compensation scheme for federal employees who are injured while performing their duties. *See* 5 U.S.C. §§ 8101–193. FECA covers "the disability or death of an employee resulting from personal injury sustained while in the performance of his duty." 5 U.S.C. § 8102. The Secretary of Labor, through the OWCP, makes the decisions regarding the award or denial of a FECA claim. *See* 5 U.S.C. § 8124(a). It reviews an appeal of its own decision. 5 U.S.C. § 8128(a). Most notably, the decision to deny or award a payment under FECA is "not

subject to review by another office of the United States or by a court by mandamus or otherwise." 5 U.S.C. § 8128(b)(2).

In addressing cases regarding a plaintiff's claims under FECA, the Sixth Circuit has held that the remedies provided by FECA are exclusive and a federal court lacks subject matter jurisdiction to consider a plaintiff's claim that is covered by FECA. *McCall v. United States*, 901 F.2d 548, 551–52 (6th Cir. 1990). Thus, "once an injury falls within the coverage of FECA, its remedies are exclusive and no other claims can be entertained by the court." *Jones v. Tennessee Valley Authority*, 948 F.2d 258, 265 (6th Cir.1991); *see also Saltsman v. United States*, 104 F.3d 787, 790 (6th Cir. 1997) ("The statute certainly provides the exclusive remedy for all damages arising out of a discrete personal injury which kills or disables an employee.") (citation omitted). Relevant to this case, USPS employees are specifically covered by FECA. 39 U.S.C. § 1005(c). In challenging the Court's subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), Plaintiff has the burden of proving jurisdiction in order to survive the motion.

The Court must determine whether Plaintiff's claim is covered by FECA. Reviewing the record, the Court finds that it is. The allegations in Plaintiff's Complaint and her two letters, all relate to her work-related incident while employed by USPS. While Plaintiff's Complaint identifies employment discrimination under 42 U.S.C. § 20003–5(g) as her basis for relief, her Complaint contains no allegations of discriminatory conduct by Defendant or USPS. The documents attached to her Complaint and letters also fail to indicate any discriminatory conduct and entirely relate to the denial of her benefits under FECA. Thus, because Plaintiff was a federal postal employee and her claim is based on the decision of the OWCP to deny her claim for benefits regarding a work-related injury, her claim falls within the scope of FECA. *See McDaniel v. United States*, 970 F.2d 194, 197 (6th Cir. 1992) ("So long as the injury is of the type intended to be covered by FECA, the

fact that no actual compensation was awarded is irrelevant."); *Saltsman*, 104 F.3d at 790 ("Plaintiffs cannot avoid the exclusive and limited nature of relief under FECA by labeling their various damages as an array of different claims to which defendant is subject, some covered by FECA and some not.").

The Court concludes that FECA is Plaintiff's sole remedy based on the allegations in her Complaint regarding the PTSD that she alleges she suffered as a result of her work-related injury while employed by USPS. Defendant's motion is granted to the extent that it seeks to dismiss Plaintiff's Complaint for lack of jurisdiction.

### IV. CONCLUSION

Accordingly, and for the above reasons, it is HEREBY ORDERED that Defendant's motion to set aside the Clerk's entry of default and dismiss Plaintiff's Complaint for lack of jurisdiction [dkt 9] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint is dismissed for lack of jurisdiction and this case is closed. A judgment will enter accordingly.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: February 21, 2012

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 21, 2012.

S/Marie E. Verlinde
Case Manager, (810) 984-3290